United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIEYUAN TAN,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL, et al.,<br>Defendants. | Case No. 26-cv-04894-NC<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: ECF 14 |

Plaintiff Jieyuan Tan filed a Complaint under 42 U.S.C. § 1983 against Defendants California Highway Patrol (CHP) and Defendant Officers Arturo Ramirez, Adam Rikalo, David Cornelis, and Kenny[1]. Plaintiff's Complaint arises out of Plaintiff's motor vehicle collision and the Defendant Officers' subsequent investigation and report. Defendants move to dismiss Plaintiff's Complaint. As further explained below, the Court (1) GRANTS Defendants' Motion to Dismiss without leave to amend as to all claims against the CHP because of Eleventh Amendment sovereign immunity, (2) GRANTS Defendants' Motion to Dismiss with leave to amend as to Plaintiff's First and Second Causes of Action against Defendant Officers for failure to state a claim, and (3) GRANTS Defendants' Motion to Dismiss without leave to amend as to Plaintiff's Third Cause of Action against Defendant Officers because individual officers cannot be held liable for a *Monell* claim.

[1] Plaintiff does not know, and Defendants do not supply, Officer Kenny's last name. *See generally* ECF 1 (Compl.); ECF 14.

# I. BACKGROUND

## A. Factual Allegations

Plaintiff's Complaint alleges the following:

On January 11, 2026, Plaintiff was involved in a motor vehicle collision in Santa Cruz County, California. ECF 1 (Compl.) ¶ 10.

Officer Rikalo was responsible for investigating the collision and preparing the official report on the collision. *Id.* ¶ 11. Officer Rikalo authored the collision report. *Id.* ¶ 13. Officer Ramirez participated in the investigation and reviewed, approved, or ratified the report. *Id.* ¶ 19. Officer Ramirez did not correct or amend the report. *Id.* ¶ 21.

The collision report included statements describing communications and events related to the incident but incorrectly stated that no telephone communication occurred between Rikalo and Plaintiff. *Id.* ¶¶ 13–14. A telecommunications record from AT&T establishes that a phone call occurred between Plaintiff and a CHP officer involved in the incident. *Id.* ¶ 15. Further, on January 22, 2026, Plaintiff received a telephone call from an unknown CHP officer from the Santa Cruz station. *Id.* The inclusion of this false statement that no telephone communication directly affected the credibility of Plaintiff, the reconstruction of events, and the liability assessment. *Id.* ¶¶ 18, 28.

Defendants failed to document or preserve critical evidence, including roadway visibility conditions and obstruction factors. *Id.* ¶ 23. Defendants provided some photographs on January 22, 2026, but intentionally failed to document and deliberately omitted photographs of the most critical area—the front bumper of Defendant Rikalo's vehicle. *Id.* This resulted in a biased and incomplete record that distorted the factual reconstruction of the collision. *Id.*

Defendants also omitted material facts, including the presence and position of a patrol vehicle that affected traffic conditions. *Id.* ¶ 24. The report falsely characterized the roadway conditions as unobstructed. *Id.* ¶ 25. It also acknowledged a prior accident at the same location. *Id.* Defendants failed to reconcile this inconsistency and did not conduct meaningful investigation into the roadway conditions. *Id.*

United States District Court
Northern District of California

The collision report is also inconsistent with physical evidence, including vehicle damage patterns. *Id.* ¶ 26.

The collision report was relied upon in legal, administrative, and insurance contexts. *Id.* ¶ 32. It was used to evaluate fault, liability, and claims arising from the collision. *Id.* ¶ 36. As a result, Plaintiff was exposed to legal liability, reputational harm, and ongoing economic and psychological injury. *Id.* ¶ 33. Plaintiff's economic harm includes loss of income, increased financial burden, and diminished ability to recover damages. *Id.* ¶ 36.

Defendants' conduct is not an isolated incident and reflects a broader pattern of inadequate oversight, tolerance of inaccurate reporting or failure to discipline misconduct within the agency. *Id.* ¶ 35.

On January 23, 2026, Plaintiff appeared at a CHP office to submit an administrative appeal challenging the accuracy of the collision report. *Id.* ¶ 37. While explaining the basis of his appeal, Defendant Kenny clenched both fists tightly, causing his knuckles to crack loudly, while maintaining an aggressive facial expression and posture. *Id.* ¶ 39.

A supplemental collision report was later reviewed and supervised by Officer Cornelis. *Id.* ¶ 44. Officer Cornelis reviewed, approved, and ratified the supplemental findings. *Id.* ¶ 45.

Beyond the damages already stated, Plaintiff also suffers from a traumatic brain injury and persistent neurological impairment that would result in future medical costs. *Id.* at 8. Plaintiff also suffers from, among others, loss of enjoyment of life, reduced quality of life, and severe emotional distress. *Id.*

**B. Procedural History**

Plaintiff filed a Complaint against Defendants. Compl. The Complaint brings three causes of action: (1) a Fourteenth Amendment Due Process claim for fabrication of evidence under § 1983, (2) a Fourteenth Amendment Equal Protection claim under § 1983, and (3) a *Monell* claim for municipal liability under § 1983. *Id.* ¶ 6–7

Defendants filed a Motion to Dismiss Plaintiff's Complaint. ECF 14 (Mot.). Plaintiff opposed. ECF 16 (Opp'n). Defendants replied. ECF 17 (Reply). Plaintiff

United States District Court
Northern District of California

requested leave to file a sur-reply, which the Court granted. ECF 18 (Surreply). Defendants also filed a request for judicial notice to support their motion. ECF 14-2.

All parties have consented to magistrate judge consent. ECF 7; ECF 13.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants requested judicial notice of Exhibit A of the Declaration of Jason Cale, which is a partial copy of Plaintiff's Complaint at ECF 1. ECF 14-2; ECF 14-1 ¶ 2. The partial copy includes the body of the Complaint, Exhibits A and E of the Complaint. ECF 14-1 ¶ 2. Exhibits A and E are the collision report and supplemental collision report. The partial copy also excludes personally identifiable information. *Id.*

The Court denies Defendants' request for judicial notice. It is true that the Court may take judicial notice of its own files. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, the Court need not take judicial notice of its own docket or documents filed on the docket in this case. *Openiano v. Hartford Life & Annuity Ins. Co.*, No. 18-cv-0943-AJB-AGS, 2019 WL 4468101, at *3 (S.D. Cal. Sept. 17, 2019), aff'd, 829 F. App'x 829 (9th Cir. 2020).

The Court notes that Plaintiff's Complaint is over 1,000 pages. Compl. Federal Rule of Civil Procedure 8(a) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, while a plaintiff may attach exhibits to supplement the allegations, "these attachments cannot take the place of well-pleaded factual allegations that must appear in the body of the complaint." *Hurtado v. Walmart Stores, Inc.*, 2014 WL 7337542, at *6 (E.D. Cal. Dec. 23, 2014).

## III. RULE 12(b)(6) LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity Applies to CHP For All Claims, but not Defendant Officers

Defendants argue that the Eleventh Amendment gives all Defendants sovereign immunity. ECF 14 at 7–8. The Court finds that Eleventh Amendment immunity applies only to CHP, and not to the Defendant Officers.

First, the Court agrees with Defendants that CHP is entirely immune from suit in federal court because it is "an arm of the state." Mot. at 7. Pursuant to the Eleventh Amendment, unless a state unequivocally waives its sovereign immunity or Congress properly exercises its power to override that immunity, the state and its agencies are immune from suit under the Eleventh Amendment. *See Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005). "Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983." *O'Leary v. California Highway Patrol,* 923 F.2d 862 (9th Cir. 1991).

Second, the Court disagrees with Defendants that the Defendant Officers are immune in this case. The Eleventh Amendment bars claims against CHP officers and

employees who are sued in their *official* capacities for money damages. *See O'Leary*, 923 F.2d at 862. Here, as Plaintiff notes, Defendant Officers are being sued in their individual capacities. Opp'n at 13 (citing Compl. ¶¶ 6–8). Defendants argue that this does not matter because the Complaint's allegations all stem from Defendant Officers' "official ministerial acts," and thus, the Court should assess whether Plaintiff is suing Defendant Officers in their individual capacities to "circumvent congressional intent by a mere pleading device." Mot. at 8 (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, the Supreme Court rejected the argument that *Will* found that § 1983 does not authorize suits against state officers for damages arising from official acts. *Hafer v. Melo*, 502 U.S. 21, 21, 26 (1991) (considering *Will* and finding that the phrase "acting in their official capacities" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury). As such, the Court finds Defendant Officers are not barred by Eleventh Amendment immunity because Plaintiff seeks damages against them in their individual, not official, capacities.

As such, the Court dismisses all three causes of action (fabrication of evidence, equal protection, and *Monell*) against CHP without leave to amend because amendment would be futile. The Court continues its analysis as to Defendant Officers.

### B. The Complaint Does Not Sufficiently Allege the First Cause of Action (Fabrication of Evidence Under § 1983)

The Complaint's First Cause of Action alleges that Defendants deliberately fabricated evidence by: (1) incorrectly stating that no telephone communication occurred between Rikalo and Plaintiff in the collision report, (2) failing to document or preserve critical evidence, including roadway visibility conditions and obstruction factors, (3) deliberately omitting photographs of the most critical area, the front bumper of Rikalo's vehicle, (4) omitting material facts, including the presence and positioning of a patrol vehicle that affected traffic conditions, (5) falsely characterizing the roadway conditions, and (6) stating inconsistent vehicle damage patterns. Compl. ¶¶ 13–14, 23–26.

United States District Court
Northern District of California

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). Defendants argue that the Complaint's fails to show that Defendants fabricated evidence or that Plaintiff's liberty interests were deprived. Mot. at 8–11.

First, the Court determines whether the Complaint sufficiently alleges that Defendant Officers deliberately fabricated evidence. Plaintiff may prove that falsification was deliberate via direct evidence or circumstantial evidence. *Spencer,* 857 F.3d at 793. When proving falsification was deliberate via direct evidence, a plaintiff need not prove the investigator's knowledge or reason to know of the plaintiff's innocence. *Id*. Examples of direct evidence include alleging that the defendant documented evidence that does not exist, reported witness statements that were never made, materially mischaracterized witness statements, or made material omissions. *McGuffin v. Dannels*, 790 F. Supp. 3d 1079, 1100 (D. Or. 2025) (citations omitted). To prove that falsification was deliberate using circumstantial evidence, plaintiffs must (1) demonstrate that the defendant continued his investigation of the plaintiff even though he knew or should have known that the plaintiff was innocent, or (2) demonstrate that the defendant used "investigative techniques that were so coercive and abusive that [he] knew or should have known that those techniques would yield false information." *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)).

Defendants argue that no direct evidence of falsehoods is provided, and that it failed to establish the necessary circumstantial evidence requirements. Mot. at 9–10. However, Defendants do not explain why there is no direct evidence beyond stating that Plaintiff's allegations are "mere inconsistencies" that are not "material to whether Plaintiff caused the incident." Mot. at 9–10. It is true that "not all inaccuracies in an investigative report gives rise to a constitutional claim." *Spencer*, 857 F.3d at 793, 798. However, the Court finds that this argument is better suited in assessing causation because this limitation arises when errors concerning trivial matters cannot establish causation. *Id.* Focusing on whether

sufficient direct evidence was alleged, the Court finds that it is enough at this stage for Plaintiff to allege that Defendant Officers purposefully included false statements and omissions in their report. *See Brown v. Soto*, No. 23-cv-05926-DDP-PDX, 2024 WL 289878, at *4 (C.D. Cal. Jan. 24, 2024) (finding that it was enough for plaintiff to allege that officers purposefully included false statements in the police report and potentially manipulated a dash cam recording). The Court therefore need not determine whether Plaintiff presented sufficient circumstantial evidence. *See Spencer*, 857 F.3d at 799 (finding that circumstantial evidence is "unnecessary in a case involving *direct evidence* of deliberate fabrication") (emphasis in original).

Second, the Court assesses whether the alleged deliberate fabrication caused Plaintiff's deprivation of liberty. To establish causation, the plaintiff must show that (1) the act was the cause in fact of the deprivation of liberty, meaning the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question. *Spencer*, 857 F.3d at 798.

Defendants argue that the alleged fabrications are "not material and no harm resulted." Mot. at 10. Plaintiff counters that it was enough to allege that the challenged statements "affected the credibility of Plaintiff, the reconstruction of the collision, the determination of liability, and the preparation of an official government record," and directly and proximately resulted in depriving Plaintiff of liberty and property interests. Opp'n at 5; Compl. ¶¶ 50–51. However, the Complaint does not allege what those liberty and property interests are. While Plaintiff's Opposition lists the interests he allegedly was deprived of, as Defendants point out, the Complaint does not allege any facts to support these deprivations. Opp'n at 6; Reply at 3. For example, the Complaint does not allege that his driver's license was revoked or restricted due to the reports, nor does it detail any elements of the "stigma-plus standard." *Id.*; *see generally* Compl.

As such, the Court dismisses Plaintiff's First Cause of Action (fabrication of evidence) as to Defendant Officers. The Court does so with leave to amend because amendment would not be futile.

**C. The Complaint Does Not Sufficiently Allege the Second Cause of Action (Equal Protection Under § 1983)**

The Complaint's Second Cause of Action alleges that Defendants violated Plaintiff's Fourteenth Amendment Equal Protection rights when Defendants targeted Plaintiff for disparate treatment based on being Chinese. Compl. ¶ 55. Plaintiff alleges Defendants did so when they intentionally ignored Plaintiff's verbal and recorded statements, prohibited Plaintiff from documenting the scene, and crediting the non-Chinese driver's statements without meaningful investigation. *Id.* ¶ 56.

To state a claim under § 1983 for a violation of the Equal Protection Clause, a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," and that plaintiff was treated differently from persons similarly situated. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). A plaintiff may satisfy this showing by alleging four separate elements: (1) that the plaintiff was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification. *See, e.g., Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Defendant argues, among other things, that the Complaint did not sufficiently allege that Plaintiff was treated differently from others similarly situated. Mot. at 12. The Court agrees. Plaintiff argues that the Complaint alleges that "Defendants treated Plaintiff different from similarly situated non-Chinese individuals during the investigation of the collision," and specifically alleged that "Defendants ignored Plaintiff's statements, credited the opposing driver's account without conducting a meaningful investigation, prevented Plaintiff from documenting the accident scene, and intentionally omitted

allegedly exculpatory physical evidence from the official investigative record." Opp'n at 12 (citing Compl. ¶ 55–60). However, a closer look at the Complaint reveals that it did not allege that the opposing driver was a "similarly situated individual." *See, generally,* Compl.; *see Moran v. Selig*, 447 F.3d 748, 755 (the individuals seeking relief must demonstrate that they are similarly situated in all material respects). Further, the Complaint merely alleged that "similarly situated individuals outside of Plaintiff's protected class (non-Chinese individuals) *would not have been* subjected to such fabrication of evidence, the denial of the right to document the scene, or the intentional omission of critical physical evidence." Compl. ¶ 58 (emphasis added); *Farber v. City of Mesa*, No. 09-cv-2374-PHX-GMS, 2011 WL 13183229, at *5 (D. Ariz. July 26, 2011), aff'd, 525 F. App'x 619 (9th Cir. 2013) ("Speculation as to how similarly situated employees may or may not have been treated does not give rise to an inference of unlawful discrimination.").

As such, the Court dismisses Plaintiff's Second Cause of Action (equal protection) as to Defendant Officers. The Court does so with leave to amend because amendment would not be futile.

**D. The Complaint Cannot Hold Defendant Officers Liable Under Their Third Cause of Action, a *Monell* Claim**

Plaintiff's Third Cause of Action is a *Monell* claim that alleges the constitutional violations were the result of various de facto policies or widespread customs. Compl. ¶ 64.

Under *Monell*, a municipal entity may be liable under § 1983 where: (1) the plaintiff's injury is attributable to the "execution of a government's policy or custom"; or (2) local government fails to train employees "in a manner that amounts to 'deliberate indifference' to a constitutional right[.]" *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018).

The Court agrees with Defendants that individually named defendants are not proper defendants for a *Monell* claim. Natural persons, named in their individual capacities, are not municipalities, and are not proper defendants for purposes of *Monell*.

United States District Court
Northern District of California

*Sermeno v. Tang*, No. 25-cv-06488-PHK, 2025 WL 2722659, at *5 (N.D. Cal. Sept. 5, 2025), report and recommendation adopted, No. 25-cv-06488-JST, 2025 WL 2721682 (N.D. Cal. Sept. 24, 2025) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). The Court dismisses Plaintiff's Third Cause of Action as to Defendant Officers'. While Plaintiff requests the Court does so with leave to amend, the Court finds that amendment would be futile because Defendant Officers cannot be liable under *Monell* individually. Opp'n at 15. The Court therefore does so without leave to amend.

### E. The Court Does Not Address Defendants' Remaining Arguments

Defendants also bring arguments of qualified immunity and theory of respondeat superior. Mot. at 14, 15. Because the Court has dismissed all claims, the Court declines to rule on these issues.

## V. CONCLUSION

Accordingly, the Court (1) GRANTS Defendants' Motion to Dismiss without leave to amend as to all claims against the CHP, (2) GRANTS Defendants' Motion to Dismiss with leave to amend as to Plaintiff's First and Second Causes of Action against Defendant Officers, and (3) GRANTS Defendants' Motion to Dismiss without leave to amend as to Plaintiff's Third Cause of Action against Defendant. As such, the entirety of the Complaint is dismissed. Plaintiff must file a first amended complaint or notify the Court that he does not wish to amend by October 12, 2026. Plaintiff may not add any new parties or claims without further leave of Court.

**IT IS SO ORDERED.**

Dated: September 11, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge