United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIEYUAN TAN,<br>Plaintiff,<br>v.<br>ARTURO RAMIREZ, et al.,<br>Defendants. | Case No. 26-cv-04894-NC<br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 31 |

Self-represented plaintiff Jieyuan Tan brings this civil rights action against defendants Arturo Ramirez, Adam M. Rikalo, and David A. Cornelis. Dkt. No. 25. Before the Court is defendants' motion to dismiss Mr. Tan's first amended complaint (FAC). Dkt. No. 31. The FAC contains two causes of action: (1) deliberate fabrication of evidence in violation of the Fourteenth Amendment due process clause against all defendants and (2) violation of the equal protection clause of the Fourteenth Amendment against Ramirez and Rikalo. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss with leave to amend.

## I. The FAC Does Not Cure the Defects in the Fabrication of Evidence Claim

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication

caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). The Court's previous order dismissing Mr. Tan's original complaint found that Mr. Tan had sufficiently alleged that the defendants deliberately fabricated evidence. Dkt. No. 24 at 8 ("[T]he Court finds that it is enough at this stage for Plaintiff to alleged that Defendant Officers purposefully included false statements and omissions in their report."). However, the Court found that the claim was still insufficient because Mr. Tan had failed to plead the liberty interests of which he was deprived. *Id.*

The FAC similarly fails to identify any protected interests. Mr. Tan acknowledges in his opposition that he does not allege that he "possessed a constitutional right to a favorable accident-fault determination, to a particular insurance payment, or to an accurate police report as such." Dkt. No. 32 at 8. Instead, he alleges that this fabrication "deprived Plaintiff of a protected property interest, including Plaintiff's contractual rights under his automobile insurance policy . . . and permanently impaired the accuracy and integrity of an official governmental record bearing on Plaintiff's driving history." Dkt. No. 25 ¶ 20. Mr. Tan does not cite to any authority recognizing the interests identified above as constitutionally protected interests nor is the Court aware of any.

Furthermore, in other contexts, courts have generally found that there is no protected constitutional interest in having an accurate government record; rather, a plaintiff seeking to state a procedural due process claim based on an inaccurate government record must show some other type of deprivation occurred as a result of the inaccuracy. *See Saldivar v. Wright*, No. 2:20-cv-02081-CAS-PD, 2021 WL 6618553, at *5 (C.D. Cal. Sept. 8, 2021) ("There is no stand-alone constitutional right to, or liberty interest, in accurate government records."); *see also Desrosiers v. Garcia*, No. 26-cv-02111-BAS-DEB, 2026 WL 1483497, at *7 (S.D. Cal. May 27, 2026) ("[T]he Court first finds that the ongoing presence of a stigmatizing claim on Plaintiff's employee record alone is not protected by the Fourteenth Amendment."). Mr. Tan does not allege any other type of deprivation. He states clearly that he did not suffer any suspension or revocation of his driver's license or any other DMV action. Dkt. No. 25 ¶ 20. His claims about his insurance contractual rights lack

specificity and as noted above, he fails to identify any state or federal law that creates a protected interest in these rights.

As Mr. Tan fails to plead that he was deprived of a protected interest, his fabrication of evidence claim fails. The Court is skeptical that Mr. Tan will be able to demonstrate deprivation of a protected interest in this matter. However, in view of Mr. Tan's self-representation and his explicit request to include more details about his insurance rights upon amendment, *see* Dkt. No. 32 at 8, the Court will grant leave to amend.

**II. The FAC Does Not Cure the Defects of the Equal Protection Claim**

A plaintiff may state an equal protection claim by showing: "(1) that the plaintiff was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification." *Lam v. City & Cnty. of San Francisco*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2012), *aff'd*, 565 F. App'x 641 (9th Cir. 2014). In its prior order, the Court found that Mr. Tan had failed to allege that the other driver was a similarly situated individual that had been treated differently. Dkt. No. 24 at 9–10.

Here, Mr. Tan asserts that he and the other driver were similarly situated in that: "(a) both were drivers involved in the exact same collision at the same intersection; (b) both were present at the scene and questioned regarding the collision: (c) both provided their respective accounts of the collision sequence and conditions; and (d) the investigating and reviewing officers were tasked with evaluating the competing driver accounts and physical evidence arising from the identical incident under neutral state standards." Dkt. No. 25 ¶ 25. The Court finds that such allegations are sufficient at this stage to show that the other driver was similarly situated to Mr. Tan for the purposes of this claim.

However, the FAC still lacks sufficient allegations related to differential treatment. Mr. Tan alleges that he was treated differently because he was not allowed "to photograph the other vehicle or to obtain or exchange the other driver's insurance and contact information before the other driver left the scene." Dkt. No. 25 ¶ 26. He also asserts that

his account of the accident and evidence he raised was not credited while "material portions of the other driver's account" were credited. *Id.* This is not sufficient to plead differential treatment at this stage. Mr. Tan does not specify if the other driver was permitted to do anything that he was not allowed to do, either at the accident scene or after the fact. He also does not clarify what "material portions" of the other driver's story made it into the report, how these portions clashed with his own account, or how this represents targeted differential treatment by the officers, rather than a standard credibility determination pursuant to their task to evaluate "competing driver accounts." Dkt. No. 25 ¶ 25. The Court once more dismisses Mr. Tan's equal protection claim with leave to amend.

As the Court finds the entire complaint is subject to dismissal, the Court declines to address the question of qualified immunity at this time.

## III. Conclusion

Defendants' motion to dismiss is GRANTED with leave to amend. Mr. Tan must file any amended complaint **no later than December 9, 2026**. Mr. Tan may not add any new parties or claims without further leave of the Court. If Mr. Tan fails to file an amended complaint by the deadline, the Court will enter judgment and terminate the case.

The Court also reminds Mr. Tan that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice. Mr. Tan may schedule an appointment by calling (408) 297-1480. There are also online resources available on the Court's webpage. https://cand.uscourts.gov/representing-yourself.

**IT IS SO ORDERED.**

Dated: November 10, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge